# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 07-20531-07

MORRIS LEE CALHOUN, JR
_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with § 3142(f) of the Bail Reform Act, a detention hearing has been held. I conclude that the following facts require the detention of Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1)     There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act.

(2)     Defendant has not rebutted the presumption established by the finding in (1) that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1)     There is a serious risk that the Defendant will not appear.

(2)     There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II — Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142 and argues initially that the presumption in favor of detention applies. At the threshold, I conclude that the Government is correct and that the presumption does in fact apply as the Defendant faces more than 10 years' potential custody for violations of the Controlled Substances Act. I therefore must consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection § 3142 (g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically crack and powder cocaine. I find from the grand jury having returned an Indictment that there is a definite weight of evidence, at least probable cause, supporting the charges against Defendant.

As to § 3142(g)(3), I find that Defendant is currently 26 years of age and has been residing substantially all his life in Saginaw. The Defendant reported to Pretrial Services that he lived with his grandmother on and off for approximately the last four years. It appears from evidence adduced at this hearing that Defendant has been living with his girlfriend rather consistently for at least the last six months, and likely longer. The Defendant is currently unemployed. In 2007, the Defendant worked for a restaurant in Frankenmuth and was also was involved in Toys for Tots. Prior to these the jobs, the Defendant was incarcerated and prior to the incarceration, Defendant worked for another establishment as a cook.

Defendant reported to Pretrial Services that he began abusing marijuana as a teenager and conceded that he has continued to use marijuana. Urinalysis testing at the time of Defendant's processing by Pretrial Services was positive for marijuana. Defendant denied abusing other substances, however, records of the Michigan Department of Corrections received by Pretrial Services indicates that Defendant had also previously abused cocaine and alcohol.

In 1998, Defendant was twice convicted of possession of marijuana, and was sentenced fines, as well as a brief period of incarceration and a six-month period of probation for the second

conviction. In 2001, Defendant was charged with numerous offenses, including possession of narcotics under 25 grams and possession of marijuana. Defendant pled guilty to possession of cocaine less than 25 grams, possession of marijuana, and a firearms inspection violation. He was sentenced to 36 months' probation. While on that probation, Defendant was four times convicted of other offenses. In 2001, he was twice convicted of driving while license suspended, second offense, and received brief periods of incarceration each time. In August 2003, Defendant was charged with larceny in a building, uttering and publishing, and habitual offender, second offense. He pled guilty to all these charges and was sentenced to 13 months to six years in prison. Pretrial Services also notes that while on probation, Defendant failed to report as required, failed to pay fines and costs, and failed to attend substance-abuse counseling. In September 2003, Defendant was charged with operating under the influence, operating while license suspended, and operating with a forged or altered license. He pled guilty to operating while intoxicated, and was sentenced to one year in jail as well as costs.

The government contends that Defendant was a fugitive for a period of at least six months. The defense counters by arguing that Defendant panicked and that he and his girlfriend endeavored raise money for retained counsel. All parties concede that Defendant, shortly after the filing of these charges, stopped attending college. The investigating agent testified that after the filing of charges, efforts were made by more than one police agency to identify the Defendant's whereabouts through repeated attempts at surveillance. During the last week, contact was established between Defendant's girlfriend and law enforcement. Testimony of the officer at this hearing indicates that both Defendant and his girlfriend were aware that charges had been filed against Defendant. This appears to be corroborated by the fact that one of the Defendant's alleged co-conspirators is Defendant's own brother. Ultimately, after a number of conversations, it appears that Defendant's girlfriend convinced Defendant to turn himself in, which he did earlier this week.

In light of the Defendant's criminal history, coupled with what I can only conclude was some level of effort to evade arrest during the past six months, and having in mind that the

Defendant faces the potential of life imprisonment without parole, as well as mandatory minimum sentences of between 10 and 20 years, I can reach no other conclusion but that the Defendant poses an extreme risk of flight. In light of Defendant's failure to abide by conditions of previously imposed probation, I further conclude that the Defendant is unlikely to abide with conditions of bond imposed by this Court. Defense counsel proposes that the Defendant's grandmother, or alternatively his girlfriend, be considered as third-party custodians. There is no doubt on the record before me that both of them are supportive of the Defendant, however, I conclude that neither of them should be burdened with the responsibility of third-party custodianship. As to the Defendant's grandmother, it is clear that she has been unable as a practical matter to control his conduct in the past. As to the Defendant's girlfriend, in light of her employment, which is to her credit, she is as a practical matter unavailable to exercise the level of continuous control I deem I would be absolutely necessary under the circumstances. Accordingly, on this record, I conclude that the presumption in favor of detention has not been rebutted on the evidence presented. In the alternative, even if it had been rebutted, I conclude that there are no conditions nor any combination of conditions, which would reasonably assure the safety of the community or the Defendant's appearance as required. Accordingly, the Government's motion to detain will be granted.

**Part III — Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

|  | s/ *Charles E Binder* |
|---|---|
|  | CHARLES E. BINDER |
| Dated: June 13, 2008 | United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Barbara Tanase and Robert Dunn, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Dated: June 13, 2008           By      s/Mimi D. Bartkowiak
                                              Law Clerk to Magistrate Judge Binder